## CHILDERS v. EUREKA LAUNDRY & DYE WORKS.

### No. 9474.

Court of Civil Appeals of Texas. Galveston.
Dec. 6, 1930.

Rehearing Denied Dec. 24, 1930.

Bryan, Colgin, Suhr & Bering, of Houston, for plaintiff in error.

Collins & Houston, of Dallas, and King, Wood & Morrow, of Houston, for defendant in error.

PLEASANTS, C. J.

This suit was brought by Mrs. Childers to recover actual damages in the sum of $15,000 and $5,000 as exemplary damages for personal injuries suffered in an automobile accident which it is alleged was caused by the negligence of the driver of a laundry wagon owned by defendant and being operated at the time of the collision by one of its drivers in the conduct of its business.

Plaintiff's petition alleges that the driver of defendant's wagon was negligent in not driving to the right of the intersection of the middle lines of Milam street and Pease avenue before turning to the left; in failing to keep a proper lookout; in driving at an excessive and unlawful rate of speed; in failing to give any kind of signal of his intention to turn to the left; and in making such turn without any care whatever for the safety of other vehicles going along these streets; and in suddenly turning the truck to the right directly in front of plaintiff's car as it approached the intersection of the middle lines of the intersection of the street and avenue.

The defendant answered by general demurrer and general denial and by special pleas of contributory negligence on the part of plaintiff and the driver of the automobile in which she was riding.

The cause was submitted to a jury in the court below upon special issues, and upon return of the verdict judgment was rendered thereon in favor of the defendant.

The first issue submitted by the court is thus stated in the charge: "Did or did not the driver of the defendant's automobile in attempting to turn to the left at the intersection of Milam Street and Pease Avenue run his automobile substantially to the center of such intersection before turning his vehicle to the left? Answer 'he did' or 'he did not,' as you find the facts to be."

In response to this issue, the jury answered: "He did."

Each of the grounds of negligence relied on by plaintiff was submitted to the jury and a finding in favor of defendant was returned by the jury on all of these issues. Upon the issues of contributory negligence pleaded by the defendant, the jury found: That the driver of the car in which plaintiff was riding was "guilty of negligence in proceeding into the intersection, of Milam Street and Pease Avenue at the time and on the occasion in question," and that such negligence was "the sole proximate cause" of plaintiff's injuries; that the car in which plaintiff was riding was being operated on the occasion in question at a speed in excess of twenty miles an hour, and that this was the "sole proximate cause" of plaintiff's injuries; that the driver of the automobile in which plaintiff was riding as the automobile approached the intersection of Milam street and Pease avenue failed to keep such lookout for automobiles and vehicles that might be approaching said intersection from the north as a person of ordinary prudence would have kept under the same or similar circumstances, and that such failure to keep a proper lookout was the "sole proximate cause" of plaintiff's injury.

The jury further found that the driver of plaintiff's car was negligent in operating the car at a rate of speed greater than a person of ordinary prudence would have driven it under the same or similar circumstances, and that the plaintiff, Mrs. Childers, realized the proximate speed of the car and in the exercise of ordinary care for her own safety should have protested to the driver at such rate of speed, and that her failure to make such protest was a proximate cause of her injuries.

The evidence shows that plaintiff and a friend, Mr. Wood Johnson, who lived in the same apartment, were driving north on Milam street in the city of Houston on the way to their work about 7:30 a. m. on July 29, 1927, in a Ford coupé owned and driven by Mr. Johnson. As they approached the intersection of Milam street and Pease avenue, which runs east and west and crosses Milam street at right angles, they observed the defendant's automobile truck or wagon coming south on

Milam street north of Pease avenue. They both testified that when they first saw defendant's wagon it was coming south on the west side of Milam street a block or more north of Pease avenue, and that some distance north of Pease avenue the driver of the truck or wagon began turning to the east side of Milam street for the purpose of turning to the left on Pease avenue; and Mr. Johnson testified that, when he observed this after entering upon Pease avenue, he veered to the left or west side of Milam street, intending to pass the defendant's truck on that side, but that, as the vehicles neared each other, the driver of defendant's truck swerved to the right, and, to avoid a collision, Mr. Johnson turned his car so suddenly to the left as to cause it to overturn. Plaintiff, by the overturning of the car in which she was riding, received painful and serious personal injuries.

The evidence is sufficient to support each and all of the findings of the jury before set out upon the issues of the negligence of the plaintiff and the defendant, and, except as we now state, there is no complaint of the form in which the issues were submitted.

By appropriate assignments and propositions plaintiff presents the question of error in the charge of the court submitting the issue of negligence on the part of defendant in turning to the left on Milam street and Pease avenue before passing the intersection of the middle lines of the street and avenue, and very earnestly contends that because of this error in the charge the case must be reversed notwithstanding the findings of the jury upon the issue of plaintiff's contributory negligence.

We are not prepared to agree with plaintiff in this contention. The error in the charge is apparent. Article 801 of our Revised Penal Code is as follows: "All vehicles approaching an intersection of the public highway with the intention of turning thereat shall, in turning to the right, keep to the right of the center of such intersection and in turning to the left, shall run beyond the center of such intersection, passing to the right before turning such vehicle to the left." Subdivision (G).

▌ It is manifest that the charge before set out, which asks the jury whether the driver of the defendant's truck, "in attempting to turn to the left at the intersection of Milam Street and Pease Avenue ran his truck substantially to the center of such intersection before turning his vehicle to the left," does not present the issue of negligence in failing to comply with the provisions of the statute, because running the automobile substantially to the center of the intersection before making a turn to the left was not a compliance with the statute, which requires that the automobile shall be run beyond the

center of the intersection before turning to the left. .

It seems clear to us that in view of the findings of the jury upon the issues of plaintiff's contributory negligence and the negligence of the driver of the car in which she was riding, the error in the charge must be held harmless. Conceding, for the purpose of testing the materiality of the error, that, if the question had been properly submitted, the jury would have found defendant's driver negligent in not complying with the requirements of the statute in making the left-hand turn in the street, such finding could not possibly have changed the findings on the issue of plaintiff's contributory negligence in permitting the automobile in which she was riding to be driven at an excessive and dangerous rate of speed. The two findings have no such relation to each other as to authorize the presumption that a change in one would probably have caused the jury to change the other.

While there are some expressions in the opinions in the cases of Montrief & Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276. and City of Pampa v. Todd (Tex. Civ. App.) 11 S.W.(2d) 247, which appear to sustain appellant's contention, when those opinions are read in the light of the facts upon which they are based they only go to the extent of following the well-established general rule that a defendant is entitled to an affirmative presentation of his pleaded defenses.

Both plaintiff and the driver of her car testified that they saw and kept their eyes upon defendant's wagon from the time it entered upon Milam street and turned south thereon, and saw it commence the turn to its left before it entered into Pease avenue, and they veered their car to their west or left-hand side with the intention of passing on the west side of Milam street behind and to the left of defendant's wagon. In this situation it could not possibly have affected the jury's finding upon the question of the excessive rate of speed at which plaintiff's car was being driven, and the effect of this speed as a proximate cause of the accident, for the jury to have found that the defendant's driver was negligent in not driving his car further to the west on Milam street before making the left or east turn on Pease avenue.

The appellant further urges that the case should be reversed because of the inconsistent findings of the jury.

▌ There is no conflict in the findings of the jury upon the questions of defendant's negligence or the contributory negligence of the plaintiff, and the apparent conflict upon the findings as to the negligence of the driver of plaintiff's car and her contributory negligence cannot affect defendant's right to the immunity accorded it by the verdict. Perez v. Ry. Co. (Tex. Civ. App.) 5 S.W.(2d) 782.

None of the other propositions presented by appellant's brief raise any material question for our determination.

We are of opinion that the judgment should be affirmed and it is so ordered.

Affirmed.