## DOUGLAS v. ACACIA MUT. LIFE INS. CO.
### No. 2021.

Court of Civil Appeals of Texas. Waco.
June 23, 1938.

Rehearing Denied July 7, 1938.

J. Lee Zumwalt, of Dallas, for plaintiff in error.

Locke, Locke, Stroud & Randolph and Albert S. Johnson, all of Dallas, for defendant in error.

ALEXANDER, Justice.

This suit was brought by the Acacia Mutual Life Insurance Company against Mrs. Anne Haynes Douglas to cancel a life insurance policy in the sum of $2,000, issued on the life of William Maxwell Douglas and payable to plaintiff as beneficiary. Cancellation was sought on account of alleged false representations in procuring the insurance. The jury returned a verdict on special issues and the court entered judgment thereon for plaintiff cancelling the policy. The defendant appealed.

The parties will be referred to as in the trial court. The defendant's first contention is that the suit for cancellation was not brought within the contestable period. Said policy provided: "This policy shall be incontestable after one year from date of issue except for non-payment of premium." The evidence shows that the application for the policy was made on March 9, 1935, and that it was actually issued and delivered on March 22nd of the same year, but, at the request of the insured, it was dated March 1, 1935. The insured died February 18, 1936. The suit for cancellation was filed on February 29, 1936. It is the contention of the defendant that by the term "date of issue," as used in the incontestable clause, is meant March 1st, the date borne by the policy, and that by the term "one year" was meant 365 days and not a calendar year, and since the suit was not filed until February 29, 1936, which was the 366th day including the date of issue, it was brought after "one year from date of issue." We cannot sustain this contention. It appears to be a well established rule that by the term "one year" is meant a calendar year regardless of whether it be a leap year or otherwise. R.S. art. 23; 62 C.J. 963, 967. Consequently, if it be conceded that by the term "date of issue" is meant the date borne by the policy, the suit was very clearly brought

within and not after one year from the date thereof. See, also, New York Life Ins. Co. v. Bullock, 5 Cir., 26 F.2d 666; Key v. Forshagen, Tex.Civ.App., 57 S.W. 2d 232. If we should hold as contended for by the defendant, we would be required to apply the same rule in determining whether or not an insured had paid his annual premium within the year as usually stipulated in a policy providing for annual premiums and such a construction might often result in serious injury to the rights of policy holders.

The defendant's second contention is that there is a conflict in the answers of the jury to the issues submitted to them, and, as a consequence, the verdict does not support the judgment. The policy was issued without medical examination. A copy of insured's application therefor was attached to and made a part of the policy. The plaintiff alleged that the insured's representations therein to the effect that prior to the date of the application, March 9, 1935, he had not had nor been under treatment for high blood pressure, heart disorder or kidney disease, and that during said time he had not had any disease or disorder, infirmity or deformity and had not consulted or been examined by any physician for any ailment or disorder, were false; that he was not in good health when the policy was delivered and that a representation contained in his application for reinstatement of the policy on July 24, 1935 to the effect that he was in good health and had not been sick within twelve months prior thereto was false. The jury, in answer to the issues hereafter indicated, found as follows: (1) That prior to March 9, 1935, the insured had had or had been under treatment for high blood pressure; (2) he knew this fact at the time he signed the application; (3) the existence of such high blood pressure was material to the risk; (4) and contributed to his death; and (5) the insurance company would have refused to have issued the policy if the insured's answers had revealed that he had ever had or had been under treatment for high blood pressure. The jury made similar answers to special issues Nos. 11 to 15 inclusive, with reference to heart disorder. The jury further found (21) that insured had consulted or been examined by a physician for some ailment or disease within five years prior to March 9, 1935; (22) he knew this fact when he signed the application; (23) that a truthful disclosure by him, in answer to the questions propounded in the application with reference to this matter, was material to the risk; (24) and if he had stated the names and addresses of the physicians who had so examined him, the insurance company would have refused to issue the policy sued on; (25) on March 22, 1935 (the date the policy was delivered) he was not in good health; (26) the disease he had at that time was material to the risk; (27) and contributed to his death; (28) and the insurance company would have refused to issue the policy if it had known that he was not in good health; (29) that on July 24, 1935 (the date of reinstatement) the insured was not in good health; (34) that the insured had not been sick for the twelve months' period ending July 24, 1935; (39) that the insurance company relied upon the answers made by the insured in the application for the policy.

It will be noted that while the jury found, in answer to issue No. 25, that on March 22, 1935, the insured was not in good health, and, in answer to issue No. 29, that on July 25, 1935, he was not in good health, it further found, in answer to issue No. 34, that insured had not been sick during the twelve months' period ending July 24, 1935. The defendant contends that the answers of the jury to these issues are in direct conflict. Conceding such conflict, we believe that the jury's answers to other issues that are not in conflict with the answer to special issue No. 34 are sufficient to support the judgment. The jury found, in answer to issues Nos. 1 to 5 inclusive and issues Nos. 11 to 15 inclusive, that the insured at some time prior to making application for the insurance had had or had been under treatment for high blood pressure and heart disorder; that he knew these facts when he applied for the insurance and reported the contrary; that the existence of high blood pressure and heart disease were material to the risk and actually contributed to the insured's death; and that the insurance company would have refused to have issued the policy if the insured's answers had revealed the truth with reference to these matters. None of these findings are in conflict with the jury's finding in answer to special issue No. 34 that the insured had not been sick for a period of twelve months prior to July 24, 1935. The findings of the jury in answer to the issues here under consideration were alone sufficient to defeat liability. R.S. art. 5043; 24 Tex.Jur. 940, 948, sec. 194; Security Benefit Ass'n

v. Webster, Tex.Civ.App., 230 S.W. 219; Gorman v. Jefferson Standard Life Ins. Co., Tex.Civ.App., 275 S.W. 248. The same thing is true with reference to the jury's answer to special issues Nos. 21 to 24 inclusive. It appears from the foregoing that the conflict complained of is not with reference to an indispensable issue, for by assuming as true all issues answered favorably to defendant and disregarding all answers in conflict therewith, there are yet sufficient findings on the other material issues to require a judgment for the plaintiff. We therefore hold that the verdict is sufficient to support the judgment notwithstanding the conflict complained of. Speer on Special Issues, sec. 435, p. 565; sec. 441, p. 570; Childers v. Eureka Laundry & Dye Works, Tex.Civ. App., 33 S.W.2d 784.

We have considered all other assignments and find no reversible error.

The judgment of the trial court is affirmed.