**ARANDA et al. v. TEXAS & N. O. R. CO.**
No. 10970.

Court of Civil Appeals of Texas. Galveston.
April 18, 1940.

Rehearing Denied May 16, 1940.

E. T. Chew and W. J. Howard, both of Houston, for appellants.

Jas. W. Mehaffy and Tom M. Davis, both of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action brought by Elvira Aranda, in her own behalf and as next friend of her four minor children, against Texas & New Orleans Railroad Company to recover damages growing out of the death of her husband, Cresencio Aranda, the father of her four children.

On the morning of April 11, 1937, Cresencio Aranda was driving his automobile in a southerly direction along Patterson Street in the City of Houston when he was struck and killed by a passenger train operated by appellee, travelling in an easterly direction, at a point where appellee's eastbound main line crosses Patterson Street. Two of appellee's tracks cross Patterson Street at this point, the southern track being the eastbound main line and the northern track being the westbound main line. Patterson Street runs north and south, crossing the tracks at right angles. There is a clear and unobstructed view of the track in the direction from which the train was approaching from Patterson Street, the scene of the collision, to Shepherd Drive, a distance of at least 1,100 feet. The engineer was seated on the right-hand side of the cab of the locomotive and could not see Aranda's automobile on the north side of the track because of the boiler of the locomotive and a curvature in the track. The fireman, who was seated on the left-hand side of the cab, testified that he first saw Aranda's car as the locomotive was crossing Shepherd Drive; that it was at that time standing north of the north track and that he watched it continuously until just prior to the collision. Immediately prior to the collision, deceased drove west approximately 100 feet from his home on Allen Street to Patterson Street. He turned left on

Patterson Street and proceeded a few feet, bringing his car to a complete stop a short distance north of the north rail of the westbound track, where his car remained stationary for a short period of time. When the train was between 400 and 500 feet from Patterson Street, Aranda's car moved up and came to a complete stop with the front wheels on the south rail of the westbound track, approximately 5 feet clear of the approaching train. Aranda's car remained in that position until the front of the locomotive was between 20 and 25 feet west of Patterson Street, when it moved directly in front of the locomotive.

Aranda was a man approximately 40 years of age and was apparently in good health and physical condition. There is no suggestion in the record that his sight and hearing were not normal.

Appellants alleged numerous specific acts and omissions on the part of the appellee and its employees in the operation of its train, claimed to amount to negligence proximately causing the collision.

Appellee alleged that its train was being operated at a rate of speed which was permitted by the ordinances of the City of Houston, and that the deceased could have avoided the collision had he been properly attentive to the conditions existing at the crossing in question. It pled various acts and omissions on the part of the deceased which it alleged amounted to contributory negligence.

In answer to special issues submitted, the jury found that appellee on the occasion in question was guilty of various acts of negligence and that each of said negligent acts proximately caused said collision and the death of Aranda; that on the occasion in question Aranda was guilty of negligence in that he failed to heed the warning signals given by the whistle and the bell after hearing them, in that he drove his automobile so close to the crossing that if the car jerked it would be in the path of the oncoming train; and in that he drove his car in front of the approaching train, and that each of said negligent acts proximately caused said collision. The jury further found that Aranda discovered and realized the peril of attempting to cross said track in front of the train at a time when appellee's employees could not have avoided the collision, but within such time that deceased could have avoided the same by the exer-

cise of reasonable care, which he failed to exercise, and that such failure was negligence and a proximate cause of the collision.

Based on the findings of contributory negligence on the part of Aranda, the court entered judgment in favor of appellee in all particulars.

It is contended by appellants that there was no evidence of contributory negligence sufficient to overcome the presumption that Aranda was at the time of his death exercising proper care for his safety, and that the jury's findings of negligence on the part of Aranda are wholly without support in the record and so against the great weight and preponderance of the testimony that judgment should have been rendered for appellants non obstante veredicto.

■ The rule that one is presumed to have used ordinary care for his own protection against injury is of universal recognition and inures to the benefit of the injured party on the issue of contributory negligence, unless the evidence shows to the contrary. This presumption, however, does not obtain as against direct and positive testimony of an eye-witness as to what actually occurred. Koock v. Goodnight, Tex.Civ.App., 71 S.W.2d 927.

■ In the instant case the fireman, seated on the left-hand side of the locomotive cab, testified that he observed every move made by the car driven by Aranda for a distance of approximately 1,100 feet from the scene of the collision, when his automobile was standing north of the north track and the locomotive was crossing Shepherd Drive. He testified that the train was then travelling at a speed of between 20 and 25 miles per hour; that the bell was continuously ringing and the regular crossing whistle was being blown at each crossing between Shepherd Drive and Patterson Street, and that when the train was between 400 and 500 feet from Patterson Street he observed Aranda's car drive up and come to a complete stop, with the front wheels on the south rail of the westbound track approximately 5 feet clear of the approaching train; that when the train was within 25 or 30 feet of Patterson Street the car jerked two or three times and moved directly in front of the locomotive. He testified that he attempted to warn the engineer to apply the emergency brake, but that the noise of the train prevented the engineer from

hearing him and that he then stepped across the cab of the locomotive to the engineer's side and applied the emergency brake. No reason is shown why Aranda would not have discovered the approaching train in time to have prevented the collision, if he had looked or listened.

■ It has been uniformly held that where a person in possession of his faculties steps or drives immediately in front of a moving train, the approach of which is unobstructed from his view, and which could have been seen and heard by him by the use of his ordinary faculties, or by taking the necessary precaution, is guilty of contributory negligence as a matter of law when he fails to use his ordinary faculties, and, as a result thereof, is injured. Galveston, H. & S. A. Ry. Co. v. Price, Tex.Com.App., 240 S.W. 524; Gulf, C. & S. F. Railway v. Gaddis, Tex.Com. App., 208 S.W. 895; Texas & N. O. R. R. Co. v. Houston Undertaking Co., Tex. Civ.App., 218 S.W. 84.

In the case of Dirr v. San Antonio & A. P. Ry. Co., Tex.Civ.App., 260 S.W. 1108, 1111, under a state of facts similar in many respects to those in the instant case, the court in passing on the identical question presented here, says: "Under these facts and circumstances, it was certainly a question for the jury to say whether appellant was guilty of negligence in failing, between the time he started his car after looking and listening at a point where his view of the track was obstructed, to again look for an approaching train when he reached a point where his view was unobstructed, or that by the exercise of ordinary care he should have seen the approaching train. It was also the province of the jury to determine whether appellant, in the exercise of ordinary care, could have stopped his car after discovering the approaching train, and prevented the accident. We must conclude that the jury's verdict on this issue is sufficiently supported by the evidence; and the judgment will be affirmed."

■ In the absence of some fact or circumstance which might have prevented Aranda from hearing the warnings given and from seeing the approaching train, the jury was warranted in finding that he heard what a normal person was bound to hear under the circumstances and that he was negligent in driving his car in front of the approaching train, and these findings are conclusive and binding on this court.

Appellants contend that under the uncontroverted evidence they were entitled to recover under the doctrine of discovered peril, and that the finding of the jury in favor of appellee on the issue of discovered peril is so against the weight and preponderance of the testimony that it ought not to be permitted to stand.

The evidence shows that Aranda's car was in a position of safety until the train was within 25 or 30 feet of the point of collision; that the fireman was the only person on the train in position to control its movements who could and did see Aranda prior to the collision; that warning signals had been given, and that it would have been impossible to slacken the speed of the train before reaching the point of collision after the fireman realized that Aranda would leave his place of safety and move in front of the approaching train.

The jury found on this evidence against appellants and in favor of appellee on the issues of discovered peril.

■ The doctrine of discovered peril will not apply in this case against appellee, unless it is shown that its fireman actually discovered Aranda in a position of peril and realized not only his danger but that he could not or would not extricate himself therefrom at a time when appellee's employees in the exercise of ordinary care in the use of the means at hand, consistent with their safety and that of their train, could have avoided the collision. Galveston, H. & H. Ry. Co. v. Sloman, Tex.Civ. App., 244 S.W. 268; Galveston, H. & S. A. Ry. Co. v. Price, Tex.Com.App., 240 S.W. 524; Schaff v. Copass, Tex.Civ.App., 262 S.W. 234; Northern Texas Traction Co. v. Weed, Tex.Com.App., 300 S.W. 41.

The Supreme Court has passed on the identical question presented here in the case of Houston & T. C. Ry. Co. v. O'Donnell, 99 Tex. 636, 92 S.W. 409, 410, in which a pedestrian was struck by a train. The engineer and fireman saw plaintiff standing on the right of way near the track when the train was 600 yards away, but did not slacken the speed. Plaintiff was deaf and did not hear the whistle. When the train was near he stepped on the track and was struck. In holding that the issue of discovered peril was not raised by the evidence, the court says: "The enginemen, being ignorant of O'Donnell's deafness, were charged with no duty which would arise from the existence of that infirmity; but they had the right to treat

him as a person in full possession of his senses, and, seeing him near the track, might presume that he would make proper use of his faculties, and would get far enough away from the track to insure his own safety. They were not required to anticipate that he would be guilty of an act of negligence, either by remaining in danger, if he was so, or by putting himself in danger."

It is obvious that a person in an automobile standing beside a railway track would be injured in the event he drove on to the track in front of an approaching train. While he may be in danger, those controlling the train are not required to assume that he will drive on to said track in front of the approaching train, and until there is a realization that he will do so no duty of averting the collision arises, and a jury could not properly find that they knew it would be done in the absence of proof of knowledge of that fact. Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Tex. 196, 59 S.W. 533; Charbonneau v. Hupaylo, Tex.Civ.App., 100 S.W. 2d 745; Texas & N. O. R. R. Co. v. Wagner, Tex.Civ.App., 262 S.W. 902; Thurmond v. Pepper, Tex.Civ.App., 119 S.W.2d 900; Gersdorf-Sloan Ambulance Co. v. Kenty, Tex.Civ.App., 75 S.W.2d 903.

Under the above authorities and under this record we think that there is ample evidence to support the jury's findings on the issues of discovered peril submitted in behalf of both appellants and appellee, under the well settled rule that an appellate court will not disturb the findings of a jury on conflicting evidence where there is some evidence to support their verdict, unless the verdict is so overwhelmingly against it as to shock the conscience or to show clearly that the conclusion reached was wrong, or was the result of some passion, prejudice, or improper motive. Massie v. City of Floydada, Tex.Civ.App., 112 S.W.2d 243; El Paso Electric Co. v. Whitenack, Tex.Com. App., 1 S.W.2d 594; Commercial Casualty Ins. Co. v. Hamrick, Tex.Civ.App., 60 S.W.2d 247; Phipps v. American National Ins. Co., Tex.Civ.App., 116 S.W.2d 800.

Appellants contend that there are numerous irreconcilable conflicts in the findings of the jury on contributory negligence by Aranda, which preclude the entering of a judgment in favor of appellee.

Our courts have uniformly held that apparent conflicts in the jury's answers should be reconciled if this can be reasonably done in the light of the facts in a particular case, the pleadings and evidence, the manner in which the issues were submitted, and in view of the other findings, when considered as a whole. It is further held that findings on ultimate facts will control those on merely evidentiary issues and specific findings will control general ones, and that if, upon a reasonable interpretation of the findings, it appears that they are not in real and irreconcilable conflict, that they then form the proper basis for judgment. Graham v. Hines, Tex.Civ.App., 240 S. W. 1015; Bragg v. Hughes, Tex.Civ.App., 53 S.W.2d 151; First National Bank v. Rush, Tex. Com.App., 246 S.W.2d 349; 41 Tex.Jur. 1224, § 360.

It is further held that the existence of an irreconcilable conflict between certain findings is immaterial, if there remains at least one finding supporting the judgment which is not in conflict with any other. Childers v. Eureka Laundry, etc., Tex.Civ.App., 33 S.W.2d 784; Gulf C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296; Cortimeglia v. Davis, 116 Tex. 412, 292 S.W. 875.

While a cursory inspection of the findings in question suggests the possibility of a conflict, after a thorough examination of the issues in question and the answers thereto, we are convinced that they can be reasonably and logically reconciled and made compatible to each other.

Without discussing in detail the alleged conflict presented in each of appellants' propositions, we think that the jury's findings that Aranda had his car under proper control as he approached the Patterson Street crossing and that he immediately applied the brakes on the discovery of the train, are not, as claimed by appellants, inconsistent with other findings that he was guilty of acts of negligence which proximately caused the collision, since Aranda could have had his car under proper control as he approached the crossing and could have applied his brakes upon discovering the train, since the evidence shows that he did bring his car to a complete stop before reaching the crossing. It is uncontroverted that his acts which were found to be negligence occurred after he had brought his car to a complete stop.

There is no irreconcilable conflict between the finding that Aranda was negligent in driving his car so close to the track that if it jerked it would be in the path of the oncoming train and the finding that he drove his car in front of the train, since a finding that the car jerked can be reconciled with a finding that Aranda did drive it in front of the train.

The findings complained of indicate an effort on the part of the jury to follow the evidence and the court's instructions. They can and, under the law, must be reconciled.

Finding no reversible error in the record, the judgment of the trial court is in. all things affirmed.

Affirmed.