

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 18, 1969

Honorable Graves Landrum
Vice-Chancellor for Administration
The University of Texas System
Austin, Texas

Opinion No. M-420

Re: Whether rights of an em-
ployee, participating in
the Optional Retirement
Act, vest after one year's
participation in the
Optional Retirement Pro-
gram, and related questions.

Dear Mr. Landrum:

You have requested that this office answer the following questions:

"1. Do rights of the employee partici-
pating in the Optional Retirement Act vest
after one year's participation in the Optional
Retirement Program?

"2. If answer to question 1 is yes, then
do the rights of the employee vest on his first
day of employment after one year's participation
in the O.R.P.?

"3. Is it mandatory that the participation
requirements in the O.R.P. be completed at one
institution, or may the participation require-
ments be completed in more than one state-supported
institution of higher education, including junior
colleges, to insure vesting after one year of
participation?

"4. Does the employee have a vested in-
terest after one year's participation even
though the participation might be with more
than one insurance company?"

Article 2922-11, Vernon's Civil Statutes, provides for
the Optional Retirement Program for teachers and administrative

- 2099 -

personnel employed by state-supported institutions of higher education and reads, in part, as follows:

"Section 1. The Legislature finds that higher education is vitally important to the welfare, if not the survival, of Texas and the United States at this stage in history and that the quality of higher education is dependent upon the quality of college and university faculties. The Legislature finds, therefore, that moneys spent on recognized means for producing an excellent system of public higher education is money spent to serve a public purpose of great importance. The Legislature finds further that a sound faculty retirement program that provides full and complete retirement benefits to teachers and administrators who have given faithful service to state-supported institutions of higher education is a well-recognized means for improving a state's program of public higher education. The Legislature's purpose in establishing the retirement program provided for by this Act is to improve further the higher education available to the youth at the state-supported colleges and universities and to establish this retirement program as part of the plan of compensation for the faculty of these colleges and universities.

"Sec. 2. As used in this Act, unless the context otherwise requires:

" . . .

"(c) 'Institution of higher education' means an institution of higher education as defined under the provisions of Chapter 12, Acts, Regular Session, 59th Legislature (1965), and including James Connally Technical Institute, except the Rodent and Predatory Animal Control Service.

"(d) 'Faculty member' means a person employed by an institution of higher education on a full time basis as a member of the faculty or staff and whose duties include teaching,

research, administration, including professional librarians, or the performance of professional services but does not mean a person employed in a position which is in the institution's classified personnel system or a person employed in a similar type of position if the institution does not have a classified personnel system.

"(e) 'Governing Board' means the body charged with policy direction of any institution of higher education.

"(f) 'Optional Retirement Program' means the optional retirement program created by this Act to provide fixed or variable retirement annuities, including retirement unit annuity certificates of participation for faculty members.

"Sec. 3(a) There is hereby established an Optional Retirement Program. Participation in the Optional Retirement Program is in lieu of active membership in the Retirement System. The Governing Boards for all institutions of higher education shall make available to all faculty members in their component institutions, agencies and units the Optional Retirement Program which shall provide for the vesting of benefits after one year of participation.

"(b) All faculty members are eligible to participate in the Optional Retirement Program, subject to such rules as may be prescribed by the Governing Board of the institution of higher education at which they are employed.

"Sec. 4. In administering the Optional Retirement Program a Governing Board may provide for the purchase of annuity contracts from any insurance or annuity company qualified and admitted to do business in this state. Any life insurance or annuity company qualified and admitted to do business in this state shall be exempt from the payment of all franchise or premium taxes as to all annuity or group insurance contracts made pursuant to a benefit program authorized by the governing board of an institution of higher education, or by any private non-profit educational

institution of higher learning, which benefit
program is paid for in whole or in part from
the funds of such institution. Where a Governing
Board has more than one component institution,
agency or unit under its jurisdiction, it may
provide a separate Optional Retirement Program
for each component institution, agency or unit
or place two or more component institutions,
agencies or units under a single program.

". . ." (Emphasis added.)

The answers to your first two questions are found in
the provisions set out in Section 3(a) of Article 2922-11, as
above quoted. The plain and unambiguous language of this sec-
tion sets out that "the Optional Retirement Program shall pro-
vide for vesting of benefits after one year of participation."
We therefore hold that your first question is answered in the
affirmative. Accord, Attorney General's Opinion No. M-196
(1968).

Article 23, Vernon's Civil Statutes, defines year to
mean a calendar year. It is well established both at common
law and by statute, that, unless otherwise expressed the word
"year" when used is a contract, judicial proceeding or statute,
or constitution, ordinarily is understood to mean a calendar
year, regardless of whether it be leap year or otherwise.
Douglas v. Acacia Mut. Life Ins. Co., 118 S.W.2d 643 (Tex.
Civ.App. 1938, error ref.). In Taylor v. National Life and
Accident Ins. Co., 63 S.W.2d 1082 (Tex.Civ.App. 1933, error
ref.) the Court set out that "after" means "at the end of"
or "as soon as" and, in computation of time the word "after"
generally understood in the sense of excluding the day or date
mentioned. Words in a statute must be given their generally
accepted meaning. Calvert v. Audio Center Inc., 346 S.W.2d
420 (Tex.Civ.App. 1961, error ref. n.r.e.). Applying the above
stated definitions to the words "vesting after one year of par-
ticipation", we hold that the rights of an employee vest on his
first day of employment, after one year's participation in the
Optional Retirement Program, and your second question is answered
in the affirmative.

To arrive at the intention of the Legislature in regard
to your third question we must look at the full Act. Having the
power to set up the Optional Retirement Program, the Legislature
had the power to spell out its requirements. This it has done
by delegating the duty to the governing board of each institution

of higher education to make an Optional Retirement Program available for the faculty of its institution. Section 3 specifically gives the governing board of each institution of higher education the authority to make the rules governing the program for that institution, and to provide in those rules that there be a vesting of benefits after one year of participation. Section 4 provides that the governing board may provide for the purchase of annuity contracts from any insurance or annuity company qualified and admitted to do business in Texas. The act clearly sets out, in all of its provisions and requirements, the duty and responsibility for the Optional Retirement Program to be with the governing board of each institution of higher education.

We therefore hold that it is mandatory that the faculty member must have participated in the Optional Retirement Program at one institution of higher education for at least one calendar year to be eligible for vesting of benefit rights under the Optional Retirement Program.

Where the governing board of a system composed of more than one component institution, such as the University of Texas system, has adopted a program placing all institutions within the system under one program, it is our opinion that an employee may meet the one year vesting requirement by participating in such program in any one or more institutions within the system within the same calendar year.

For purposes of answering your fourth question we have searched the statute for provisions providing for the vesting of benefit rights by participating in more than one insurance program. Section 4 provides that the governing board may have a program with more than one insurance company for its faculty members. Therefore, it is our opinion that an employee may have a vested interest after one year's participation in the program of that institution even though it may be with more .than one insurance company that was approved by the governing board of that institution.

## S U M M A R Y

Article 2922-11, V.C.S., requires that Optional Retirement Programs provide for vesting of benefit rights after one year of participation in the program by an employee. Said vesting is to be effective on his first day of employment after one year's participation

in the program prescribed by the governing board of the institution. It is mandatory that the participation requirements be completed at one institution. Where the governing board of a system composed of more than one component institution, such as the University of Texas system, has adopted a program placing all institutions within the system under one program, it is our opinion that an employee may meet the one year vesting requirement by participating in such program in any one or more institutions within the system within the same calendar year. The participation may be with more than one approved insurance company.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Joseph Sharpley
Sam McDaniel
Houghton Brownlee
Jim Swearingen

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant