

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

April 4, 1986

Honorable Clint Hackney
Chairman
Committee on Elections
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-466

Re:  Whether a home rule city may amend its charter within less than two years of a previous charter amendment

Dear Representative Hackney:

You ask the following question about the frequency with which a home rule city may amend its charter:

> May a home rule city seek to amend its charter on April 5, 1986 when in fact it had sought to amend and did amend its charter by an election held on April 7, 1984?

Article XI, section 5 of the Texas Constitution, which authorizes home rule for cities of more than 5,000 inhabitants, provides in part:

> Cities having more than five thousand (5000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature . . . and provided further, that no city charter shall be altered, amended or repealed oftener than every two years. (Emphasis added).

Tex. Const. art. XI, §5.  Article 1165, V.T.C.S., reiterates the constitutional requirements quoted above.

Section 312.011 of the Government Code, which defines various common words used in the civil statutes, provides as follows:

> The following definitions apply unless a different meaning is apparent from the context of the statute in which the word appears:
>
> . . . .
>
> (18)  'Year' means a calendar year.

Under this statute and judicial constructions, "one year" means "a calendar year." Seibert v. Sally, 238 S.W.2d 266 (Tex. Civ. App. - Galveston 1951, no writ). A calendar year is 365 days or 366 in a leap year. Douglas v. Acacia Mutual Life Insurance Co., 118 S.W.2d 643 (Tex. Civ. App. - Waco 1938, writ ref'd). Thus, a suit to cancel a life insurance policy filed on February 29, 1936, was filed within one year of the policy's issuance on March 1, 1935. Id. See also McGaughy v. City of Richardson, 599 S.W.2d 113 (Tex. Civ. App. - Dallas 1980, writ ref'd n.r.e.) ("[a] calendar month runs from the given day in one month to the day of the corresponding number in the next month").

Attorney General Opinion O-7211 (1946) determined the earliest date that a home rule city charter election could be held following a charter amendment election held on October 16, 1945. It concluded that another charter amendment election could not be held prior to October 16, 1947.

In the case you inquire about, the home rule city may not hold an election to amend its charter before April 7, 1986. An election held prior to that date will be invalid. See Cartledge v. Wortham, 153 S.W. 297 (Tex. 1913); Clark v. Stubbs, 131 S.W.2d 663 (Tex. Civ. App. - Austin 1939, no writ); Gray v. Ingleside Independent School District, 220 S.W. 350 (Tex. Civ. App. - Fort Worth 1920, writ dism'd); Attorney General Opinions MW-380 (1981); V-1109 (1950).

It is suggested that article 1165, V.T.C.S., is in conflict with the statute designating the dates that elections may be held and that these provisions should be harmonized. Section 41.001 of the Election Code provides as follows:

> (a) Except as otherwise provided by this subchapter, each general or special election in this state shall be held on one of the following dates:
>
>   (1) the third Saturday in January;
>
>   (2) the first Saturday in April;
>
>   (3) the second Saturday in August; or
>
>   (4) the first Tuesday after the first Monday in November.

Election Code §41.001 (art. 2.01 of the former Election Code). The exceptions do not encompass home rule charter amendment elections.

Article 1165, V.T.C.S., and section 41.001 of the Election Code are not in conflict. A city can comply with both provisions by holding the election on the first authorized date after the lapse of

two years.  Article 1165, V.T.C.S., does not provide that charter amendment elections be held precisely two years apart.  Moreover, article XI, section 5 of the Texas Constitution, which imposes the two-year requirement, cannot be amended by the enactment of a statute.  See Tex. Const. art. XVII, §1; Mears v. State, 520 S.W.2d 380 (Tex. Crim. App. 1975); Attorney General Opinion M-874 (1971).  Article XI, section 5 of the Texas Constitution and article 1165, V.T.C.S., bar the home rule city in question from holding an election to amend its charter prior to April 7, 1986.

## S U M M A R Y

Article XI, section 5 of the Texas Constitution and article 1165, V.T.C.S., bar a home rule city from holding an election to alter, amend, or repeal its city charter oftener than every two calendar years.  A calendar year equals 365 days or 366 days in leap year.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General