### DIRR v. SAN ANTONIO & A. P. RY. CO.
### (No. 6639.)

(Court of Civil Appeals of Texas. Austin. March 19, 1924.)

**1. Appeal and error ☞1003—Duty of Court of Civil Appeals as to granting new trial, stated.**

If the facts are such that the Court of Civil Appeals is warranted in determining that jury verdict is so against the weight and preponderance of the testimony as to show passion or prejudice or some other improper motive, it is the duty of the court to reverse the judgment and grant new trial.

**2. Negligence ☞136(8)—Question of fact.**

Negligence of either plaintiff or defendant is generally a question of fact, and becomes one of law only when the act done is undisputed or admitted, or when only one inference can be drawn.

**3. Appeal and error ☞989—Only legal sufficiency of evidence to support jury's finding as to contributory negligence is reviewable.**

Where issue of contributory negligence is submitted to jury, appellate court is limited to inquiring whether the evidence is legally sufficient to support finding.

**4. Railroads ☞348(6)—Finding of contributory negligence of driver of automobile sustained.**

In automobile driver's action for injuries, where defendant claimed that plaintiff was negligent in failing to look when he reached a point where his view was unobstructed or in attempting to cross in front of train which he knew was approaching, evidence *held* to sustain finding of contributory negligence.

Appeal from District Court, Lee County; R. J. Alexander, Judge.

---
☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by F. A. Dirr against the San Antonio & Aransas Pass Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Woods, King & John and Will C. Perry, all of Houston, and H. F. Schlosshan, of Lexington, for appellant.

Watson & Simmang, of Giddings, and Page & Jones and J. H. Powell, all of Bastrop, for appellee.

BLAIR, J. Appellant brought this suit against appellee railway company, seeking to recover damages for personal injuries received by him and for the value of his automobile destroyed in a collision between said automobile, driven by appellant, and one of appellee railway company's engines, engaged in pulling some freight cars. The collision occurred at a public road crossing on appellee's railway track, in the the country, about three miles from Tanglewood, Lee county, Tex.

The grounds of negligence relied upon by appellant for a recovery of damages were a failure on the part of appellee's engine operatives to blow the whistle and ring the bell of the engine to warn him of the approach of the train at the public crossing, as required by law, the running of the train at a high and excessive rate of speed under the circumstances and conditions attending the collision, discovered peril, and a failure of the operatives of the engine to keep a proper lookout for persons who might be approaching and using the public road crossing the railway, as appellant was on this occasion.

Appellee railway company answered by a general demurrer, a general denial, and specially pleaded that the appellant, Dirr, was guilty of contributory negligence in going upon the track at the time and place in question, and that his own negligence was the proximate cause of his injuries and damages.

Each ground of negligence pleaded by appellant was submitted to the jury by separate special issues seeking their findings of fact thereon; likewise a special issue was submitted for their finding of fact on the issue of contributory negligence on the part of appellant. The jury answered that the acts of the operatives of appellee railway company's engine on the issues of failure to blow the whistle, failure to ring the bell, and failure to keep a proper lookout for persons who might be on the track as appellant was, constituted negligence, and that each act of negligence submitted in these three issues was the proximate cause of appellant's injuries and damages. They answered that appellee's engine operatives were not guilty of negligence on the issue of operating the train in question at a high and excessive rate of speed, and on the issue of discovered peril. On the issue of contributory negligence they answered that appellant was guilty of contributory negligence in going upon appellee's railway track at the time and place and un-

der the attending circumstances in evidence and that such negligence on his part was the proximate cause of his injuries and damages. They further found that appellant was damaged in the sum of $7,250 by reason of his injuries, and that his car was worth $400 immediately before its destruction by the collision with the engine.

The trial court rendered judgment for appellee railway company upon its motion, based upon the finding of the jury that appellant was guilty of contributory negligence in going upon the track at the time and place under the attending circumstances in evidence, which the jury also found was the proximate cause of his injuries and damages.

Appellant's motion for a new trial was overruled, to which ruling he excepted, and has duly perfected this appeal, seeking a reversal of the judgment of the trial court, upon the grounds that the verdict of the jury upon the issue of contributory negligence is unsupported by any testimony, and that it is so against the overwhelming weight and preponderance of the evidence to show that it is clearly wrong, and that the cause therefore should be reversed and remanded.

Appellant cites only one authority, that of Railway v. Walters, 49 Tex. Civ. App. 71, 107 S. W. 369, in support of his contention for a reversal of this case, which announced the rule that:

"It is not only within the constitutional power, but that it is the duty of the Court of Civil Appeals to reverse the judgment of the trial court, and to grant a new trial when the evidence is conflicting, where it appears that the verdict is so against the great weight and preponderance of the evidence as to appear to be manifestly wrong.

"In such case it is said that the verdict cannot upon any reasonable hypothesis be attributed to the calm and dispassionate judgment of the jury upon the evidence, but must be attributed to passion or prejudice or some other improper motive. The power and duty of the Court of Civil Appeals, in such case, is so well established that no citation of authority is necessary. The Court of Civil Appeals will always hesitate to exercise this power, mindful of the fact that in our system of jurisprudence the jury are the exclusive judges of the facts proven, the weight to be given to the evidence, and of the credibility of the witnesses. As well established in our jurisprudence as this principle is the principle that the court is vested with the power to review, and if necessary revise, the action of the jury, in a proper case. It was never intended that the court should be deprived of the power of reviewing the action of the jury as to matters of facts in all cases where there is any evidence to support their finding, and that the question of deciding in all cases of conflicting evidence should be left to the absolute and uncontrollable judgment of the jury. This court, in such cases, has the same power as is vested in the trial courts, with this distinction, when it comes to the exercise of that power, that the action of the trial court in refusing a new trial on this ground adds very great weight to the verdict, and requires that a

stronger case of wrong be made out to justify the exercise of the power by this court than would be required to invoke the exercise of the like power on the part of the trial court. Still, giving due and proper weight to all of these considerations, the power, and the corresponding duty, of the Court of Civil Appeals is clear, when the record presents a proper case for its exercise."

[1, 2] The above rule is well established in this state, and, if the facts in this case are such as warrant this court in determining that the verdict of the jury is so against the weight and preponderance of the testimony as to show passion or prejudice, or some other improper motive on the part of the jury, then our duty is fixed by the rule announced. Under the facts in this case, we do not think the rule applicable. It is as well established upon authority in this state as is the above rule that negligence of either the plaintiff or the defendant is generally a question of fact, and becomes one of law only when the act done is undisputed or admitted, or from which only one inference can be drawn. Choate v. S. A. & A. P. Ry. Co., 90 Tex. 88, 36 S. W. 247, 37 S. W. 319.

[3] It is also well established that, where the issue of contributory negligence is submitted to the jury and they find for either the plaintiff or the defendant, the power of an appellate court is limited to the inquiry whether or not the evidence is legally sufficient to support the finding of the jury. Railway v. Matthews, 100 Tex. 68, 93 S. W. 1068; Railway v. Couts (Tex. Civ. App.) 250 S. W. 267, and cases there cited; Jones v. Railway (Tex. Com. App.) 243 S. W. 976. In the Jones Case, supra, the Commission of Appeals, speaking for the Supreme Court, held that in passing upon the issue of contributory negligence it is a peculiar province of the jury, under our system of jurisprudence, to determine what constitutes ordinary care under a particular situation or combination of circumstances on the part of a person approaching a railway crossing in an automobile. Clements v. Hines (Tex. Civ. App.) 240 S. W. 1010; Railway v. Morgan (Tex. Com. App.) 239 S. W. 607; Railway v. Brigham (Tex. Civ. App.) 243 S. W. 713.

[4] It is clear to our minds, applying the above rules to the facts and circumstances in this case, that the verdict of the jury finding appellant guilty of contributory negligence is sufficiently supported by the evidence. The statement of facts contains 171 pages, and several maps and plats and photographs of the roads and crossing where the mishap occurred accompany the record; and we will not undertake a detailed finding of fact, but will make only a general finding of such facts as we think sufficient to support the verdict of the jury.

The natural topography of the country near the crossing in question was very rough. The line of railway ran generally north and south, and was down grade for about 3 miles from the town of Tanglewood to where appellant was injured. Near the crossing from the direction the train was approaching was a deep cut through which the railroad track was laid. There were large trees and heavy underbrush on the land adjoining appellee's right of way, which had some overhang on the right of way. No trees or brush were on the right of way. The train was proceeding in a southerly direction at the time of the accident. The public road on which appellant was traveling for about 150 or 200 feet before reaching the railway track was very rough, except the testimony conflicts as to that portion of it immediately approaching appellee's track, where appellee's employés say it was in good condition, and the dirt as high as the rail at the crossing. About 150 feet before the road reached the railway crossing it entered a ravine or gully, and from that point to the railway crossing the incline was very sharp, and most of the way very rough, and required a car to go in low speed to negotiate the grade; and appellant was required to go in low speed on this occasion. Appellant stopped his car in the ravine; got out and fixed his top, leaving his motor running. While so engaged several eyewitnesses to the collision heard and saw the train approaching. Appellant says that he did not see or hear the train approach; that he stopped, listened, and looked at a point some distance from the track, but because of the trees and cut he could not see the train, and did not hear the train, because the steam was shut off and the train was coasting down hill, and the motor of his car was making noise. Other witnesses stated that from a point in the road 37 feet from the crossing a train could have been seen 600 or more feet, and the nearer you approached the track the farther a train could be seen. Appellant admits that when he was within 20 feet of the crossing he could have seen the approaching train 250 or 300 feet, if he had looked; that he did not look to see if a train was approaching at this time; that he was only traveling at a rate of speed of three or four miles an hour; that just before his front wheels reached the track he discovered the train approaching at some 60 or 70 feet away; that he could not stop his car, because to do so would require him to change his foot to the reverse on his Ford car, and that he thought the engineer would see him in time to prevent the accident; as he testified:

"I thought the engineer would see me and slow up; I would have been across in two seconds, if he had given me the emergency or slowed up."

Other witnesses testified that appellant approached the crossing at the rate of 15 miles per hour. Appellant knew the general topography of the land, and that he could not see the train from where he stopped his car to look and listen; he also knew of the obstruction of trees and the cut through

which the trains using the track must run; and the jury had the right to determine from that state of facts and the circumstances whether a person of ordinary prudence, having due regard for his own safety, would attempt to make the crossing at the rate of 15 miles per hour, or even at a lesser rate of speed, without again looking to see if a train was approaching, or, if he did look, that he was also negligent in failing to discover the train when he did reach a point on the road where his view of the railway track was unobstructed for a long distance.

The jury may have determined from appellant's testimony that after he discovered the approaching train he negligently took a chance on beating it across the track at his own risk. He testified:

"As to whether I was taking chances in going forward when driving a 'tin Henry' in front of a train going at a rapid rate of speed when within 60 or 70 feet of it, I thought that was the best chance, in my judgment. I thought the engineer would see me and slow up; I would have been across in two seconds if he had given me the emergency or slowed up. I used my best judgment. I thought it was safest and best thing to do. That was my judgment."

Under these facts and circumstances, it was certainly a question for the jury to say whether appellant was guilty of negligence in failing, between the time he started his car after looking and listening at a point where his view of the track was obstructed, to again look for an approaching train when he reached a point where his view was unobstructed, or that by the exercise of ordinary care he should have seen the approaching train. It was also the province of the jury to determine whether appellant, in the exercise of ordinary care, could have stopped his car after discovering the approaching train, and prevented the accident. We must conclude that the jury's verdict on this issue is sufficiently supported by the evidence; and the judgment will be affirmed.

Affirmed.