**SCIACHITANO et ux. v. CITY OF BEAUMONT et al.. (No. 1146.)**

(Court of Civil Appeals of Texas. Beaumont. Nov. 10, 1924.)

**1. Death ⟨Key⟩75—Evidence held insufficient to sustain finding of contributory negligence of parents of child drowned in sewer.**

In action for death of four year old child drowned in sewer, evidence *held* insufficient to sustain finding of contributory negligence by parents.

**2. Death ⟨Key⟩103(3)—When jury may determine issue of contributory negligence stated.**

In action by parents for death of child, jury may properly be permitted to determine issue of contributory negligence only where facts and circumstances are reasonably sufficient to warrant conclusion in ordinary minds that parent failed to exercise care ordinarily prudent person would use under same or similar circumstances.

**3. Death ⟨Key⟩24—Parents required to use ordinary care to protect child.**

Law requires only that parents shall use ordinary care to protect children.

**4. Death ⟨Key⟩58(1)—Burden to establish contributory negligence rests on defendant.**

In action by parents for death of child falling into sewer, burden of establishing contributory negligence by them was on defendant.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Action by Tony Sciachitano and wife against the City of Beaumont Drainage District No. 6 of Jefferson County, and others. From judgment for the district plaintiffs appeal. Reversed and remanded.

W. R. Blain, of Beaumont, for appellants. Smith & Jackson and A. L. Calhoun, all of Beaumont, for appellees.

HIGHTOWER, C. J. The appellants, Tony Sciachitano and his wife, filed this suit in one of the district courts of Jefferson county against the city of Beaumont, drainage district No. 6 of Jefferson county, and the commissioners of that district, Hal G. Land, George W. Caswell, and G. W. Junker, in their official capacity, for the recovery of damages alleged to have been sustained by plaintiffs in consequence of the death of their little girl, Angelina, which they alleged was caused by the negligence of the defendants in the construction and maintenance of a certain concrete sewer on the outskirts of the city of Beaumont. Several grounds of negligence were charged by the plaintiffs, one of which was that defendants left a large manhole, about 30 inches in diameter, in the side of the concrete sewer, and that defendants made no covering of any kind, such as a grate, screen, or anything else, over such hole, so as to prevent children in the neighborhood of the sewer from falling in or being washed into the hole in the sewer and thereby drowned.

All defendants answered, interposing a general demurrer and a number of special exceptions, none of which are before us for disposition, by general denial, and by plea of contributory negligence on the part of plaintiffs, in that they should have prevented the little girl from going out of the house and in close proximity to the sewer on the day that she was drowned.

The defendants City of Beaumont and the commissioners of the drainage district were eliminated from the case by the action of the trial court in sustaining their demurrers, and the case proceeded to trial with a jury with the drainage district as the only defendant.

The jury found that the drainage district was guilty of negligence in failing to place a grating or other covering over the hole in the concrete sewer, as alleged by the plain-

tiffs, and further found that such negligence was a proximate cause of the little girl's death. The jury also found that plaintiffs were guilty of contributory negligence in permitting the little girl to go out of the house and near to the sewer in which she was drowned. The jury also answered that $1,800 would be a fair and reasonable amount to be recovered by plaintiffs in consequence of the death of their little girl.

Upon its motion therefor the trial court rendered judgment in favor of the drainage district, and denied recovery to plaintiffs for any amount, and after their motion for new trial was overruled plaintiffs, in due time, prosecuted this appeal.

The verdict of the jury and judgment of the court are attacked upon two grounds by appellants. The first is that the court was in error in submitting for the jury's consideration the defense of contributory negligence as pleaded by the drainage district, for the reason that there was no evidence upon which to base such issue; and, second, that the finding by the jury that plaintiffs were guilty of contributory negligence is without support in the evidence, and should have been set aside by the trial court.

The facts in the case are wholly without dispute, and may be stated substantially as follows:

During the year 1922 the appellee, the drainage district, constructed as a part of its drainage system a concrete sewer on the outskirts of the city of Beaumont, which crosses, among other streets, Brooklyn street in the city of Beaumont at a point right near the home of appellants. This concrete sewer is about 4½ feet deep and about 7 feet wide (inside measurements), and is oval shaped on top, but entirely covered over by concrete. Right near and in front of the home of appellants a ditch constructed by the city of Beaumont empties into the concrete sewer through the hole left in the side of the sewer. This ditch, where it empties into the sewer, is about 4 feet deep and about 6 feet in width. Early in the afternoon of January 14, 1923, a very hard rain commenced falling in the city of Beaumont, and continued up to about 5 o'clock of that afternoon, and during that period of time so much water fell in the city and in the immediate vicinity of the home of appellants that all the ditches in the city, including the one in front of the home of appellants, which empties into the concrete sewer, became flooded with rain water, and about 5 o'clock on the afternoon stated appellants' little girl, Angelina Sciachitano, who was at the time 3 years and 11 months of age, fell in the ditch within a few feet of the open hole in the concrete sewer, and was washed by the swift current of water then in the ditch into the open hole in the sewer, and was drowned in the sewer.

The undisputed evidence in the record bearing upon the issue of contributory negligence may be stated in substance as follows:

[1] Mrs. Sciachitano's sister lived about half a block down the street from Mrs. Sciachitano at the time in question, and her little girl, who was about 8 or 9 years of age, was at the home of Mrs. Sciachitano on the afternoon of the accident, and about 5 o'clock started back to her mother's home, and was accompanied by a little boy of Mrs. Sciachitano about 8 years of age. This little boy and his little sister, Angelina, were very chummy playmates, as the evidence shows, and Angelina was very frequently left in his care by her mother, and when the little niece and the little boy started out of the house of appellants to go to the little girl's home, as we have stated, Angelina wanted to go with them, but her mother objected, and declined to let her go because of the presence of the ditch and sewer, which she knew was full of water, and feared that Angelina might fall in and be drowned. The little boy and Mrs. Sciachitano's little niece went out of the house and crossed over the concrete sewer at Brooklyn street, and about that time Mrs. Sciachitano stepped out of her house and into her back yard, leaving the little girl, Angelina, in the frontroom of the house. Her father, at the time, was sitting, as he testified, on the back porch of the home. While Mrs. Sciachitano was in the back yard Angelina opened the front door and slipped out, without the consent or knowledge of her mother or father, and undertook to follow her little brother and cousin to the latter's home. Just as she approached in close proximity to the concrete sewer where the ditch emptied into it, as before stated, Mrs. Sciachitano, who was yet in the back yard, discovered the child, and hollered to her to stop and come back home, and about that instant the little girl slipped on the muddy sidewalk and fell into the open ditch that was then flooded with rain water, and was swirled by the swift current in the ditch through the open hole in the concrete sewer and was drowned. The same moment that the mother hollered to the child she ran in her direction, with a view to bringing her back to the house, but never reached her before she had fallen into the ditch. The father, who was at the moment sitting on the back porch, as he stated, was alarmed by the cry of the little brother for help, and immediately rushed from the house to the sewer, which was between 50 and 75 feet distant, to try to recover the little girl from the water, but was too late, as the child had washed into the sewer before he reached it. Neither the mother nor the father knew that Angelina was contemplating following her little brother and cousin on this occasion, or that she had done so until her presence was discovered at the sewer by the mother, as we have stated. These are all the material facts, as we con-

sider them, that have any bearing upon the issue of contributory negligence.

[2] The sole question now before us is, Does the evidence, as we have stated it, bearing upon the issue of contributory negligence, sustain the jury's finding as to that issue? We have reached the conclusion, after careful consideration, that the evidence does not sustain such finding by the jury. It certainly cannot be correctly said from the evidence as we have stated it that the parents of this little girl knowingly permitted her to approach the danger which resulted in her death, and we fail to see any fact or circumstance in the evidence as a whole that would warrant the jury in their conclusion that these parents or either of them failed to use that degree of care for the protection of their little girl that would have been used by parents of ordinary prudence under the same or similar circumstances. We are not unmindful that as a general rule the issue of contributory negligence is peculiarly one of fact for the jury's determination, but there must be some evidence of sufficient probative force to warrant a finding of contributory negligence by the jury, otherwise that defense, though fully pleaded, cannot prevail. A jury may properly be permitted to determine the issue only where the facts and circumstances are reasonably sufficient to warrant the conclusion in ordinary minds, in a case of this character, that the parent failed to use for the protection of the child that degree of care that the ordinarily prudent person would use under the same or similar circumstances. Such a finding by the jury cannot be based upon mere surmise or suspicion, and, while all appellate courts perhaps hesitate to reverse a jury's verdict on purely fact issues, nevertheless such courts are not only authorized to do so, but it is their plain duty to do so, where such verdicts are clearly without support in the evidence.

[3] As we have stated, the mother expressly forbade the little girl to go out of the house at the time she wanted to do so, and it was only after the mother had stepped into the back yard that the little girl, taking advantage of her absence, decided to follow her little brother and cousin, without the knowledge or the consent of her mother or father, and this, in our opinion, was not sufficient to warrant the jury in concluding that the mother and father of this little girl were lacking in ordinary care for her protection. True, they knew of the high water in the ditch and sewer, and knew that the little indiscreet girl, Angelina, would incur danger if she were permitted to go near the ditch and sewer, and the mother took the precaution that any natural mother would have taken for her protection in denying the little girl's request to be permitted to follow her little brother, because she knew of the dangerous condition of the ditch and

sewer at the time. There was no showing, or attempted showing, that the little girl, Angelina, manifested her purpose to disobey her mother when she was told that she could not accompany her little brother and cousin, and there is no showing in this record that Angelina ever on any occasion had theretofore disobeyed her mother or father when she was told not to do or to do anything. People in the circumstances of these parents cannot reasonably be expected to stand over and watch their children at all times of the day, nor can they be reasonably expected, when so circumstanced, to have nurses to do so, and all that the law requires is that the parents shall use ordinary care for the protection of their children. Street Railway Co. v. Dillon, 3 Tex. Civ. App. 303, 22 S. W. 1066; Panhandle, etc., Railway Co. v. Haywood (Tex. Civ. App.) 227 S. W. 347; Dirr v. Railway Co. (Tex. Civ. App.) 260 S. W. 1108; Jones v. Railway Co. (Tex. Com. App.) 243 S. W. 976.

[4] The burden of proof to establish its pleaded defense of contributory negligence rested upon the appellee in this case, the drainage district, and we feel certain that appellee did not discharge that burden in this case. We have stated the facts upon which we have reached this conclusion, and, in view of the probability of another trial, it would not be proper, perhaps, for us to discuss this point at greater length.

Because the evidence is insufficient to sustain the jury's finding that appellants were guilty of contributory negligence, as pleaded by the appellee, the judgment must be reversed and the cause remanded, and it has been so ordered.