James W. WYATT, Appellant,

v.

Donald M. MOTSENBOCKER, Appellee.

No. 16024.

Court of Civil Appeals of Texas.

Dallas.

July 13, 1962.

Rehearing Denied Sept. 28, 1962.

**544**

Bowyer, Thomas, Crozier & Harris, and Wm. W. Sweet, Jr., Dallas, for appellant.

Thompson, Knight, Wright & Simmons and Timothy E. Kelley, Dallas, for appellee.

WILLIAMS, Justice.

Gloria Ann Wyatt, a five year old child, sustained personal injuries when she fell from an automobile owned by Donald M. Motsenbocker. James W. Wyatt, father of the child, brought this suit (1) in his individual capacity to recover hospital and medical bills incurred by him as a result of the injuries sustained by his daughter, and (2) as next friend for the child, to recover damages sustained by her. At the conclusion of a jury trial, a special issue verdict found Motsenbocker to be guilty of negligence which proximately caused the injuries to the minor child, and also found Wyatt guilty of contributory negligence in failing to supervise his child at the time of the occurrence in question. Upon these findings the trial court rendered judgment awarding damages to the child in the amount of $250.00, and denying all relief to Wyatt, individually. Wyatt appeals, limiting his appeal solely to that part of the judgment which denies him recovery.

Appellant's points attack three special issues and jury finding, as follows:

### "SPECIAL ISSUE NO. 8-A

"Do you find from a preponderance of the evidence at the time, place and on the occasion in question and before the event in question, James W. Wyatt permitted Gloria Ann Wyatt to be absent from her home without parental supervision for approximately one hour, if you have so found in answer to the preceding special issue?

"Answer 'Yes' or 'No'

"Answer: 'Yes'.

### "SPECIAL ISSUE NO. 8-B

"Do you find from a preponderance of the evidence that such conduct on the part of James W. Wyatt, if any you have found in answer to the preceding special issue, was negligence, as defined herein?

"Answer 'Yes' or 'No'

"Answer: 'Yes'.

### "SPECIAL ISSUE NO. 8-C

"Do you find from a preponderance of the evidence that such negligence, if any you have found in answer to the preceding special issue, was a proximate cause as defined herein, of the injuries to Gloria Ann Wyatt at the time, place and occasion in question?

"Answer 'Yes' or 'No'

"Answer: 'Yes' ".

Appellant contends that (1) there was no evidence to sustain an affirmative finding of the jury to such issues; (2) that the court erred in not sustaining appellant's motion to disregard the answers of the jury to these issues and enter judgment for appellant on the balance of such verdict; and (3) that the court erred in overruling appellant's motion for new trial on the ground that there was insufficient evidence to sustain the answer of the jury to these issues.

In considering appellant's "no evidence" and "insufficient evidence" points, we are guided by the rules announced by Chief Justice Robert W. Calvert of our Supreme Court in his Article entitled "No Evidence" and "Insufficient Evidence" points of error, Texas Law Review, Vol. 38, pp. 361, 372, and also by the Supreme Court in Re King's Estate, 150 Tex. 662, 242 S.W.2d 660. Bearing in mind these rules it has become necessary for us to review carefully the entire statement of facts. We summarize herewith the material testimony having to do with the issue on contributory negligence of the father.

On April 24, 1960 Wyatt and his wife and three children, ages 5, 3 and 1, lived at 6512

Racine Street, which appears to be a residential street in the City of Dallas. Gloria Ann, age five years and nine months, returned home from Sunday School with the family shortly after 11 a. m. on April 24, 1960, changed her clothes and asked her mother if she could go to the park to play. The park referred to was a playground in connection with a grade school located about two blocks from the Wyatt home. Mrs. Wyatt refused Gloria Ann's request to go to the park unattended, but did grant her permission to go across the street, with her younger brother, to play with a little girl named Cindy Nettles, with whom Gloria Ann had played on many previous occasions. Mrs. Wyatt specifically instructed Gloria Ann to return home when Cindy went in to eat, or when her mother called her for dinner. Mrs. Wyatt then watched the two children go across the street to Cindy Nettles' home, and then began the preparation of the family meal. Without the knowledge of either Mr. or Mrs. Wyatt, Gloria Ann and her brother apparently left Cindy Nettles' home and went up the street to the playground. It was not until about 12 o'clock noon that either Mr. or Mrs. Wyatt knew that Gloria Ann and her brother had left the Nettles' home and gone to the playground. The fact was brought to their attention when Mr. Motsenbocker came to their house about noon and informed them that their daughter had been run over by his automobile and had been injured. There was no conflict in the testimony but that Gloria Ann was a normal child of average intelligence. She had never disobeyed instructions and gone to the playground on previous occasions.

The circumstances surrounding the accident which resulted in Gloria Ann's injuries are rather unusual and the only testimony concerning this is from the appellee Motsenbocker. He lived about 1 block south of appellant's home and on the day in question he was at the playground with his four-year-old son engaged in flying a kite. He had parked his automobile at the curb adjacent to the playground, on an incline. His automobile was a 1957 Chevrolet with a standard transmission, with the ignition controlled by a key on the dashboard. When the key was turned this would engage the starter and the engine. Appellee had left the key in his car while he engaged in flying the kite, and the car was left in reverse gear. The emergency brake was not engaged. According to appellee, Gloria Ann and her little brother, whom he knew, joined appellee and his son in the kite flying operation. About noon appellee informed Gloria Ann and her brother that he would take them home in his car and told all of the children to go and get in his car and wait for him until he brought in the kite. The children all proceeded to get into the car, after which the motor of the car started and the car backed down the incline. There is no evidence as to which of the children turned on the ignition and started the car. After the motor started, Gloria Ann, in attempting to get out of the door of the car, fell under the wheels of the car sustaining her injuries. The testimony was uncontradicted to the effect that Gloria Ann had been instructed by both her parents not to operate any of the instruments on the dashboard of an automobile. She had never violated these instructions nor was there any evidence she had ever violated instructions concerning where to go and when to return.

It is elementary that the burden of proving contributory negligence and proximate cause was on the appellee. In order to establish contributory negligence and proximate cause a defendant must prove (1) that the victim's conduct was the cause of the injury or damage, i. e., that, but for some act or omission on his part, the harm would not have been done, and (2) that he could have foreseen or anticipated the event and prevented it from happening by acting otherwise than he did. 30–B Tex.Jur. p. 382. To convict Wyatt of contributory negligence, his actions or failure to act must have been contrary to ordinary care and .further, and equally important, the results of his actions or failure to act must have been reasonably anticipated and foreseen by him in exercise

of ordinary care. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359, 363; Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352, 355.

■ By foreseeability as a necessary element of proximate cause is meant that a wrongdoer is not responsible for the consequence which is merely possible, but is responsible only for a consequence which is probable according to ordinary and usual experience. Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Dallas Ry. & Term. Co., v. Hendrix, Tex.Civ.App., 261 S.W.2d 610; Mabry v. Lee, Tex.Civ. App., 319 S.W.2d 125; Davidson v. Methodist Hospital of Dallas, Tex.Civ.App., 348 S.W.2d 400; 30–B Tex.Jur. 216–220; 38 Am.Jur. 712; see also the opinion of our Supreme Court in Genell, Inc. v. Flynn, Tex., 358 S.W.2d 543.

The cases dealing with the question of negligence and proximate cause relating to supervision or lack of supervision by parents over their minor children and circumstances such as involved in this case are numerous and diverse in their holdings. Many courts have held that permitting children of tender age to be upon the public streets and sidewalks unattended is not, in itself, any evidence of negligence. Other courts have held that even though, under some circumstances a jury might be justified in finding that parents are negligent in permitting a child to be on the public streets and sidewalks unattended, nevertheless such negligence is not necessarily a proximate cause of injuries which resulted to the child because such negligence is, at most, a remote rather than a proximate cause. Houston City St. Ry. Co. v. Dillon, 3 Tex.Civ.App. 303, 22 S.W. 1066; Sciachitano v. City of Beaumont et al., Tex.Civ.App., 266 S.W. 558; and cases collated in 51 A.L.R. pp. 216–218.

■ However we find it unnecessary to decide the question of basic negligence of appellant Wyatt. Assuming, without deciding, that Wyatt and his wife should not have permitted their little daughter to go across the street and play with her little friend for a period of less than 60 minutes, such conduct on the part of the parent cannot defeat his recovery for damages where there is no evidence that such conduct was the cause which produced the injury to his daughter or that Wyatt could have reasonably anticipated that his daughter would be injured as a result of the chain of circumstances demonstrated in this record. The gravamen of appellant's appeal is, in our opinion, the issue of proximate cause. The court, in connection with issue 8–C, relating to proximate cause, gave the standard definition of the term, including the elements of "new and independent cause" and foreseeability. Analyzing the testimony on this issue it is found that Gloria Ann was specifically denied by her parents permission to go to the park. They granted her specific permission to go across the street to a neighbor's house to play with her little friend, as she had frequently done. She was instructed that she should return home at lunch time which was in about one hour. There is nothing in this record to suggest that the parents had any reason to believe that she would not remain in the neighbor's yard. Moreover, the appointed time for her return had not arrived when Motsenbocker appeared and informed appellant of the accident. Appellant, and his wife, were bound by law to foresee that which they reasonably should have foreseen. It is reasonable that they may have foreseen that their child might have been injured in the yard of the neighbor while playing with her little friend, or even may have been struck by an automobile while crossing the street between her house and the neighbor's house. However, it cannot be reasonably said that the appellant-parents could have reasonably anticipated and foreseen the peculiar chain of circumstances that led to the eventual injury of the child.

■ Furthermore, Motsenbocker's acts and conduct created in him a new and independent cause or a new and independent agency that led to Gloria Ann's injuries. A new and independent cause must be the

act or omission of a separate and independent agency. Motsenbocker was an independent agency insofar as the Wyatt family was concerned. The new and independent cause must have destroyed the causal connection between the negligent act, if any, of appellant, and the eventual injury. Assuming, without deciding, that Gloria Ann's father was guilty of some negligence in failing to exercise supervision over her for less than one hour such negligence, if any, ceases to be a proximate or producing cause of the eventual injury by virtue of the intervention of the new and independent cause in the form of Motsenbocker who, himself, assumed to exercise supervision over the child thereby effectively breaking the causal connection between any alleged negligent act on the part of the parent and the eventual injury. Under the definition "new and independent cause" the cause must be the immediate cause of such injury. The record here clearly demonstrates that the negligent acts of Motsenbocker were the immediate cause of Gloria Ann's injury.

We therefore hold that there is no evidence in this record to support the submission to the jury, or the affirmative answer of the jury to Special Issue 8–C relating to proximate cause on the part of Wyatt. The trial court should have disregarded the answer of the jury to such issue and rendered judgment for Wyatt for his damages found by the jury in the amount of $3,719.

■ Appellee, by four cross-points, complains of the judgment against him in favor of the minor child. James W. Wyatt, as next friend of Gloria Ann Wyatt, a minor, moves to dismiss the attempted appeal of Motsenbocker, contending that since Motsenbocker failed to perfect his appeal from that part of the severable judgment awarding damages to the minor, such cross-points may not be legally considered. We sustain the motion to dismiss Motsenbocker's appeal.

The judgment in this case recites a recovery by the minor, represented by her father and next friend, and also recites a denial of recovery by the father, individually, against Motsenbocker. Motsenbocker did not file a motion for new trial. Notice of appeal was given by James W. Wyatt following the overruling of his amended motion for new trial. The only appeal bond is executed by James W. Wyatt, individually, and not in his capacity as next friend. No appeal bond was filed by Motsenbocker. In appellant's brief it is recited that the appeal is limited only to that part of the judgment denying relief by Wyatt.

The general rule is stated in 4 Tex.Jur.2d § 671, p. 180:

"* * * if an appellant appeals from a part only of a severable judgment, the appellee may not complain of any matters falling wholly within that portion of the judgment not brought up for review by the appellant. In such case, it is incumbent on the appellee to prosecute his separate appeal from the portion of the judgment adverse to him. The court will on motion strike the cross-points where the appeal is taken only from a severable portion of the judgment and the appellee does not perfect an independent appeal from the portion of the judgment adverse to him."

The judgment in this case is definitely a severable one. The record is clear that appellant Wyatt only perfected an appeal from that part of the judgment adverse to him. Appellee filed no appeal bond nor made any effort to appeal from that part of the judgment awarding damages to the minor. Appellee's cross-points are disregarded. Connell Const. Co. v. Phil Dor Plaza Corp., 158 Tex. 262, 310 S.W.2d 311; Speckels v. Kneip, Tex.Civ.App., 170 S.W.2d 255, err. ref.

That part of the judgment in favor of Gloria Ann Wyatt against Motsenbocker is affirmed. That part of the judgment denying recovery to James W. Wyatt, individually, against Motsenbocker, is reversed and rendered, whereby James W. Wyatt, individually, have and recover from Donald M. Motsenbocker, the sum of $3,719, to-

gether with interest thereon from May 26th, 1961 at the rate of 6% per annum.

Affirmed in part and reversed and rendered in part.

YOUNG, J., not sitting.