Donald M. **MOTSENBOCKER**, Petitioner,

v.

James W. **WYATT**, Respondent.

No. A–9288.

Supreme Court of Texas.

June 26, 1963.

Rehearing Denied July 24, 1963.

was not terminated until October 31st. So the extension was for four years less 15 days.

Thompson, Knight, Wright & Simmons, John A. Gilliam and Timothy E. Kelley, Dallas, for petitioner.

Bowyer, Thomas, Crozier & Harris, Wm. W. Sweet, Jr., Dallas, for respondent.

NORVELL, Justice.

Gloria Ann Wyatt, a five-and-a-half-year-old child was injured when she attempted to get out of a moving automobile, and fell under the wheels of the car as it rolled down a slight incline. James W. Wyatt, the father of Gloria Ann, acting in his individual capacity and as next friend of his daughter, sued Donald M. Motsenbocker, the owner of the automobile for damages. The trial court rendered judgment, based upon the jury's contributory negligence findings, that James W. Wyatt individually take nothing against Motsenbocker. As next friend, Wyatt was awarded a judgment of $250.00 on behalf of his daughter.

The Court of Civil Appeals held as a matter of law that the negligence of Wyatt

(if such negligence be assumed to exist) was not a proximate cause of Gloria Ann's injuries. Having thus exonerated Wyatt of contributory negligence, the court rendered judgment in favor of Wyatt individually and against Motsenbocker for $3,719.00.

Motsenbocker filed certain cross-points in the Court of Civil Appeals. That court sustained a motion filed by Wyatt, styled "Motion to Dismiss Appeal of Donald W. Motsenbocker," and held that Motsenbocker's cross-points could not be considered. See Wyatt v. Motsenbocker, Tex.Civ.App., 360 S.W.2d 543.

In our opinion the Court of Civil Appeals erred in holding as a matter of law that Wyatt was not guilty of contributory negligence. Ordinarily, this would call for a reversal of the judgment of the Court of Civil Appeals, and an affirmance of the judgment of the trial court. However, there is a point in Wyatt's brief in the Court of Civil Appeals which asserts that the evidence was "insufficient" to sustain the jury's answers to Special Issues 8–A, 8–B, and 8–C, relating to the alleged contributory negligence of Wyatt. We construe this point as invoking the fact jurisdiction of the Court of Civil Appeals to set aside such findings upon the theory that the jury's answers were against the overwhelming preponderance of the evidence. King v. King, 150 Tex. 662, 244 S.W.2d 660; Garwood, "The Question of Insufficient Evidence on Appeal," 30 Tex. Law Rev. 803; Calvert, " 'No Evidence' and 'Insufficient Evidence' Points of Error," 38 Tex.Law Rev. 361. For reasons hereinafter mentioned, we do not believe this cause is controlled by Barker v. Coastal Builders, 153 Tex. 540, 271 S.W.2d 798, and accordingly, this cause will be remanded to the Court of Civil Appeals for further consideration.

We are also of the opinion that the Court of Civil Appeals erred in dismissing Motsenbocker's cross-points contained in his brief filed in such court. After a remand, the Court of Civil Appeals should consider these cross-points should they become material in deciding whether the district court's judgment should be reversed.

No appeal was taken from that portion of the judgment awarding $250.00 for the benefit of the injured child so that we need not consider this feature of the case. That portion of the trial court's judgment remains undisturbed.

As bearing upon the contributory negligence defense asserted by Motsenbocker to Wyatt's individual claim, the jury found that (8–A) Wyatt permitted Gloria Ann to be absent from her home without parental supervision for approximately one hour; that (8–B) such action on the part of Wyatt was negligence; and (8–C) a proximate cause of Gloria Ann's injuries.

The petitioner here does not complain of the Court of Civil Appeals' statement of the facts of the case which is believed to be substantially correct. That court expressly stated that it did not decide the "issue of basic negligence" of Wyatt, but held that there was no evidence that leaving the child unattended for period of one hour was the proximate cause of her injuries.

■ In our opinion, there was some evidence to support the jury's finding that Wyatt and his wife were negligent under the "person of ordinary prudence" standard in allowing Gloria Ann and her younger brother to cross the street to play with a neighbor's child and then leaving the child unattended for approximately an hour's time without ascertaining whether or not the children actually remained on the neighbor's premises or wandered into an area where they might encounter danger. Small children when unattended are apt to get into trouble. They often disobey instructions and find themselves in positions of danger wherein because of their tender years and lack of experience they cannot protect themselves. Admittedly, the actions of Mrs. Wyatt in allowing her children to cross the street to play with a neighbor's children and then becoming preoccupied with preparing the family dinner and failing to make in-

quiry as to their welfare and whereabouts cannot be characterized as a particularly blameworthy type of conduct. Yet, if parents do not look after their children and protect them from danger, that obligation or moral duty devolves upon those members of the public generally who perchance may encounter these unsupervised children and realize that potential harm may come to them. We need not fully restate the facts as given in the opinion of the Court of Civil Appeals other than to say that after the Wyatt family returned from Sunday School, Gloria Ann expressed a desire to go to a public park to play. This park or playground was some two blocks distant from the Wyatt residence. The mother refused this requested permission but did allow Gloria Ann to cross the street and play with Cindy Nettles, a neighbor's child, with instructions to return home when Cindy went in to eat her dinner. No subsequent inquiry was made to ascertain if these instructions were being obeyed. In fact, they were disobeyed. Gloria Ann and her brother went to the park or playground and there met Mr. Motsenbocker and his young son who were engaged in flying a kite. About noon, Mr. Motsenbocker undertook to return the unsupervised Wyatt children to their home,

and it was during the course of this undertaking that Gloria Ann was injured.

It is pointed out in the opinion of the Court of Civil Appeals that the question of negligence as well as that of proximate cause relating to supervision or lack of supervision by parents over minor children have been considered and determined by various courts with somewhat diversity in holdings. This is necessarily so because of the various factual circumstances presented in each case.[1]

Perhaps as good a statement of the rule applicable to this class of cases as will be found in that made by Mr. Justice Williams (afterwards a member of this Court) speaking for the Galveston Court of Civil Appeals in Houston City Street Railway Co. v. Dillon, 3 Tex.Civ.App., 303, 22 S.W. 1066, no wr. hist., when he said:

"Negligence on the part of the parent must consist, in such matters, of neglect of the duty which every father and mother owe to their child, of exercising over it such protective care as its age, capacity, and the danger to which it may be exposed render reasonably necessary; and it is to be borne in mind that this is not the only duty which rests

---

1. Illustrative of various factual situation are the following cases in which it has been held that the question of a parent's negligence was an issue for the jury or that the evidence as a matter of law showed or failed to show parental negligence:

    A. The question of negligence held to be for the jury:

      (1) Cases decided in favor of parents on negligence issue: Houston City St. Ry. Co. v. Dillon, 3 Tex.Civ. App. 303, 22 S.W. 1066, no wr. hist. Panhandle & Santa Fe Ry. Co. v. Haywood, Tex.Civ.App. (1921), 227 S.W. 347, wr. ref. Sciachitano v. City of Beaumont, Tex.Civ.App., 266 S.W. 588, no wr. hist. Pickens v. Southern Ry. Co., E.D.Tenn., 177 F.Supp. 553. Christiana v. Rattaro, 81 Cal.App. 2d 597, 184 P.2d 682. Atchison, Topeka & Santa Fe Ry. Co. v. McFarland, 2 Kan. 662, 43 P. 788. Gunderson v. Northwestern Eleva-

tor Co., 47 Minn. 161, 49 N.W. 694. Strutzel v. St. Paul City Ry. Co., 47 Minn. 543, 50 N.W. 690.

      (2) Cases decided against parents on negligence issue: Bullard v. Mc-Carthy, 89 N.H. 158, 195 A. 355. Reber v. Hanson, 260 Wisc. 632, 51 N.W.2d 505.

    B. The question of negligence held to be a matter of law:

      (1) Cases decided in favor of parents on negligence issue: San Antonio St. Ry. Co. v. Caillonette, 79 Tex. 341, 15 S.W. 390. Collier v. Hill and Hill Exterminators, Tex.Civ. App., 322 S.W.2d 329, no wr. hist., 73 A.L.R.2d 1141. Doren v. Northwestern Baptist Hospital Association, 240 Minn. 181, 60 N. W.2d 361, 42 A.L.R.2d 921.

      (2) Cases decided against parents on negligence issue: Monge v. New Orleans Ry. & Light Co., 145 La. 435, 82 So. 397.

upon heads of families, but is only one among many, and its performance is to be exacted with due regard to their abilities, and to other demands upon their attention. The degree of care to be used must always be measured by the circumstances of the case. Care which would be adequate in some situations would be wholly inadequate in others. It is therefore a question peculiarly fit for the determination of a jury of ordinary men, in cases where there is not an entire abnegation of the duty which rests upon the parent, but an attempt to perform it, whether or not caution displayed was a discharge of the duty growing out of, and demanded by, the circumstances."

Applying the rule stated to the facts of this case, we hold that there is some evidence supporting the jury's finding that the parents were negligent under the test of the ordinary prudent person. We here again note that a discussion on this point was pretermitted by the Court of Civil Appeals, and hence it cannot be said that it passed upon the point which asserted that the jury's finding of negligence was not supported by sufficient evidence or was against the overwhelming preponderance of the evidence.

■ As above noted, the Court of Civil Appeals held as a matter of law that Wyatt's negligence (which for the purposes of argument the court assumed) was not a proximate cause of Gloria Ann's injuries. Under the Texas special issue practice, the issue of foreseeability is contained in the definition of proximate cause. City of Dallas v. Maxwell, Tex.Comm.App., 248 S.W. 667, holding approved by the Supreme Court, Kuemmel v. Vradenburg, Tex.Civ.App., 239 S.W.2d 869, wr. ref., n. r. e. For a result to be legally foreseeable, however, it is not "required that the particular accident complained of should have been foreseen. All that is required is 'that the injury be of such a general character as might reasonably have been anticipated; and that the

injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen.'" Carey v. Pure Distributing Corporation, 133 Tex. 31, 124 S.W.2d 847.

The case cited presented an unusual factual situation and this Court held that while the driver of the Pure truck could have foreseen some injury similar to that which occurred to Carey, he could not be charged with the ability to foresee an injury similar to that sustained by Carey's wife, that is, a miscarriage caused by fright and emotional disturbance experienced by her upon seeing her husband injured. Insofar as the husband's injuries were concerned this Court said that:

"The evidence shows that the defendants knew that the fastener holding the sideboard of this truck was defective. They also knew, or ought to have known, that should such fastener come loose the cans of oil on the side would be thrown from the truck, and into or onto the roadway along which it was traveling. Certainly a jury was justified in finding that a prudent person ought to foresee that an oil can of this kind, and contents, suddenly propelled from the side of a moving truck along a highway would be liable to injure some person also using or occupying such highway. In order to constitute the owner and the driver of this truck liable for the injuries sustained by Walter Carey, *they did not have to foresee that his injuries would occur in the exact way in which they did occur*. It was only necessary that they should foresee that if this oil can should be thrown from this truck in the way and manner that it was, the natural and probable result would be to injure some person using such roadway." [Italics supplied.]

■ In the present case the exact way in which Gloria Ann was injured was un-

usual,[2] but the general nature of the injury was not. One of the most common injuries suffered by young children when left unattended and without supervision is that of being struck by a motor vehicle. If the fact of negligence in leaving the child unattended be established, injury by being struck with an automobile seems clearly foreseeable, and a jury was authorized to so hold under the evidence in this case.

It was not essential to the foreseeable element of the contributory negligence defense that Wyatt must have been able to "have anticipated and foreseen the peculiar chain of circumstances that led to the eventual injury of the child." In unusual fact cases, a peculiar set of circumstances may be alluded to in an opinion and considered of some importance when the kind of injury which resulted is beyond reasonable human anticipation. However, where, as in this case, the kind or type of injury—being struck by an automobile—could have been reasonably foreseen as flowing from the negligent act, the peculiarity or unusualness of the chain of events which finally resulted in injury will not break the link of proximate causal connection.

We are also of the opinion that Motsenbocker's acts and conduct did not create a new and independent cause or a new and independent agency that led to Gloria Ann's injuries. Wyatt was a plaintiff in the trial court suing in his individual capacity for damages accruing to him as a result of his daughter's injuries. As between parties, in this case, Wyatt and Motsenbocker, the doctrine of "new and independent cause" is not ordinarily invoked to solve the proximate cause issue relating either to the negligence of the defendant or to the contributory negligence of the plaintiff.

In holding that it was not error to include the element of new and independent cause in the definition of proximate cause under the facts of the case, this Court in Lowrimore v. Sanders, 129 Tex. 563, 103 S.W.2d 739, said:

"The plaintiff's claim for damages is based upon the defendant's negligence; one of the defendant's defenses is the claim of contributory negligence of plaintiff, based in part upon the above acts of the plaintiff. A new and independent cause could not arise out of an affirmative act of negligence by one of these parties."

In J. S. Abercrombie Company v. Delcomyn, 134 Tex. 490, 135 S.W.2d 978, this Court said, "Any correct definition of new and intervening cause will exclude the idea that the negligent act of either of the parties may constitute such cause."

In effect, the holding of the Court of Civil Appeals seems to be that the acts and conduct of Motsenbocker broke the causal connection between the negligence of the father and the injury of the child. We are unable to agree with this analysis. As a result of the child's being left without supervision, she wandered into the park where Motsenbocker found her and offered to take her home rather than leave her and her younger brother unattended in the park. If we assume Motsenbocker to be negligent in the manner in which he attempted to discharge the obligation which he assumed, a jury could well conclude that the negligence of the parents in leaving the children unattended and unsupervised was still oper-

---

2. Motsenbocker left his Chevrolet automobile parked on a slight incline with the transmission in reverse gear. He did not put on the hand brake, and left the key in the motor switch. The turning of the key would start the motor even though the car was in gear. When Motsenbocker told the Wyatt children he would take them home, he instructed them and his four-year-old son to go to the car and wait for him until he brought in the kite they had been flying. The children got in the car, and one of them must have turned the key which caused the automobile to start backing down the incline. Glorida Ann, in attempting to get out of the car, fell under the wheels and was injured. (See opinion of Court of Civil Appeals, l. c. 360 S.W.2d, p. 545.)

ative and that such negligence was a concurrent cause of Gloria Ann's injury. In other words, it does not appear as a matter of law that Motsenbocker's conduct was the sole cause of the child's injury. The law does not excuse a parent's neglect in failing to care for his child simply because some other person, upon finding the unattended child, makes an attempt to look after the child himself.

We hold that as a matter of law there is some evidence supporting the jury's finding that Wyatt was negligent. The Court of Civil Appeals did not pass upon this point. And what is more important in determining what disposition should be made of this cause, i. e., whether to remand to the Court of Civil Appeals or to the trial court, the Court of Civil Appeals did not pass upon Wyatt's contention that as a matter of fact, the jury's answer to Special Issue 8-B, the negligence issue, was against the overwhelming preponderance of the evidence.

■ We also hold that there is some evidence supporting the jury's finding that Wyatt's negligence was a proximate cause of Gloria Ann's injuries. From what we have said, it is apparent that the opposite holding of the Court of Civil Appeals was based upon two erroneous concepts of substantive law: first, that the negligence of Wyatt and his wife could not have been a proximate cause of Gloria Ann's injury unless they could "have reasonably anticipated and foreseen the peculiar chain of circumstances that led to the eventual injury of the child"; and second, that acts and conduct of Motsenbocker could be a new and independent cause of the injury. When the action of a Court of Civil Appeals in sustaining a no evidence point of error is based upon an erroneous concept of applicable law, this Court will remand the case to that court for consideration, under correct principles of law, of points of error asserting that the jury finding is against the overwhelming preponderance of the evidence. Corzelius v. Oliver, 148 Tex. 76, 220 S.W.2d 632; Hale v. Texas Employers'

Ins. Ass'n, 150 Tex. 215, 239 S.W.2d 608; Puryear v. Porter, 153 Tex. 82, 264 S.W.2d 689. As this cause must be remanded to the Court of Civil Appeals for a factual determination of the overwhelming preponderance of the evidence point upon the negligence issue (8-B), that court should also determine the factual contention that the jury's finding on the proximate cause issue (8-C) is against the overwhelming preponderance of the evidence.

In view of a remand to the Court of Civil Appeals, there is another matter which calls for a brief discussion.

■ As heretofore noted, the judgment of the trial court was that Wyatt as next friend of Gloria Ann and in her behalf recover of Motsenbocker the sum of $250.00. As to Wyatt's individual claim against Motsenbocker, the trial court decreed that he take nothing. Motsenbocker did not appeal from the judgment. Wyatt, however, did appeal from the take-nothing judgment rendered against him in his individual capacity. Motsenbocker filed cross-points to this appeal which were predicated upon his motion to disregard the jury's answers to special issues finding Motsenbocker guilty of certain acts of negligence proximately causing the injuries suffered by Gloria Ann. This motion was expressly overruled by the trial court. Motsenbocker did not urge in the Court of Civil Appeals that the judgment in favor of Gloria Ann be reversed. He was, however, entitled to assert by cross-point those matters which had been raised in the trial court by a motion to disregard the answers of the jury to certain issues whereby the jury found him guilty of negligence proximately causing Gloria Ann's injuries. The sustaining of these cross-points would result in the defeating of Wyatt's appeal and the sustaining of the trial court's judgment that Wyatt take nothing in his individual capacity. We have this situation: the jury found that Motsenbocker was negligent and that Wyatt was contributorily negligent. The judgment was that Wyatt take nothing. Motsenbock-

er in effect urged in the Court of Civil Appeals through his cross points that if that court should decide that Wyatt was not negligent, nevertheless the judgment should not be disturbed because the evidence shows conclusively that Motsenbocker was not negligent. Insofar as these cross-points were supported by Motsenbocker's motion filed in the trial court, they were entitled to consideration by the Court of Civil Appeals. Rule 324, Texas Rules of Civil Procedure, Wagner v. Foster, 161 Tex. 333, 341 S.W. 2d 887; Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571, reversing Court of Civil Appeals, 185 S.W.2d 228, but expressly approving holding of that court with reference to consideration of cross-points; Dallas Electric Supply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427; Ward v. Scarborough, Tex.Comm.App., 236 S.W. 441.

It is urged here that we may not properly review the Court of Civil Appeals' action in refusing to consider Motsenbocker's cross-points, because in his motion for rehearing he referred to a motion for an instructed verdict (which does not appear in the transcript) rather than his motion to disregard the negligence issues found against Motsenbocker. This matter would cause some concern if the reversal and remand were based thereon; but for the reasons above set forth, the cause must be remanded to the Court of Civil Appeals for further consideration. If that court should hold that the jury's findings in answer to Special Issues Nos. 8–B and 8–C are not against the overwhelming preponderance of the evidence, there would be no necessity for considering Motsenbocker's cross-points. However, should that court decide that the answer to either of such issues is against the overwhelming preponderance of the evidence, it would be necessary that Motsenbocker's cross-points be considered and disposed of adversely to him before a new trial could properly be ordered.

No appeal having been taken from that portion of the judgment of the trial court awarding James W. Wyatt, as next friend, a recovery of $250.00 for the benefit of his daughter, Gloria Ann Wyatt, that portion of the trial court's judgment is left undisturbed. The judgment of the Court of Civil Appeals insofar as it reverses the trial court's judgment that Wyatt take nothing against Motsenbocker and renders judgment in favor of Wyatt in his individual capacity and against Motsenbocker for the sum of $3,719.00 is reversed and the cause remanded to the Court of Civil Appeals for further proceedings as are indicated by this opinion and not inconsistent therewith.

Judgment of the Court of Civil Appeals reversed and the cause remanded to that court for further proceedings.