James W. WYATT, Appellant,

v.

Donald M. MOTSENBOCKER, Appellee.

No. 16024.

Court of Civil Appeals of Texas.

Dallas.

Nov. 1, 1963.

Bowyer, Thomas, Crozier & Harris, William W. Sweet, Jr., and Robert H. Thomas, Dallas, for appellant.

Thompson, Knight, Wright & Simmons, Timothy E. Kelley and John A. Gilliam, Dallas, for appellee.

WILLIAMS, Justice.

This is the second time we have had occasion to consider this appeal. In Wyatt v. Motsenbocker, Tex.Civ.App., 360 S.W.2d 543, 545, we held that there was no evidence to support the finding of the jury that the plaintiff's negligence was a proximate cause of the injury to plaintiff's minor child, Gloria Ann Wyatt. The Supreme Court of Texas granted a Writ of Error and subsequently decided that there was some evidence supporting the jury's findings that the plaintiff Wyatt was negligent and also that there was some evidence supporting the jury's finding that Wyatt's negligence was a proximate cause of his daughter's injuries. Motsenbocker v. Wyatt, Tex. Supreme Court, 369 S.W.2d 319. The Supreme Court remanded the appeal to this court for our consideration of appellant's points that the jury's finding of negligence and proximate cause were contrary to the

580

overwhelming preponderance of the evidence.

Inasmuch as the facts of this case have been completely set forth in our original opinion, as well as in the opinion of the Supreme Court, we feel that no useful purpose would be served by repeating such facts here.

The Supreme Court has established the substantive law of this case by holding, as a matter of law, that there is some evidence of probative force to justify the jury's finding that Wyatt was guilty of negligence in permitting his minor child to remain unattended for a period of approximately one hour, and also that such negligence was a proximate cause of the injuries of such minor child. The sole question for our determination is whether, under the record in this case, the evidence on these two issues is sufficient to justify the jury's answer thereto. We have, accordingly, carefully considered the entire statement of facts in this case in accordance with the rule announced by our Supreme Court in Re King's Estate, 150 Tex. 662, 244 S.W.2d 660, and also by Chief Justice Robert W. Calvert in his article entitled, "No Evidence" and "Insufficient Evidence", Points of Error, Texas Law Review, Vol. 38, Pages 361–372, and by former Associate Justice Garwood in his article entitled, "The Question of Insufficient Evidence on Appeal", 30 Texas Law Review 803. Having done so, we are unable to agree with appellant that the answer of the jury to Special Issue 8-B on the issue of negligence, and the answer of the jury to Special Issue 8-C, on the issue of proximate cause, is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong or unjust. We find that the answers of the jury to these issues are supported by sufficient evidence and therefore overrule appellant's points of error.

The judgment of the trial court is in all things affirmed.

Affirmed.